STATE *vs.* FRANK SKERRY.

Androscoggin.     Opinion January 9, 1930.

*Fred H. Lancaster*, County Attorney, for the State.
*Frank T. Powers*, for respondent.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DEASY, C. J.   The respondent, Frank Skerry, was in the Superior Court for Androscoggin County found guilty of driving a motor vehicle while under the influence of intoxicating liquor. After verdict and before sentence he filed a motion in arrest of judgment. This being overruled he reserved exceptions.

This motion is based upon the contention that the original complaint before the Livermore Falls Municipal Court, upon which complaint he was tried, was defective and uncertain in its statement of venue.

So much of the complaint as for purposes of this opinion is necessary to be recited is as follows:

"State of Maine

Androscoggin ss:
   To the Judge of our Livermore Falls Municipal Court for the Towns of East Livermore, Livermore and Leeds, in the County of Androscoggin:

H. B. Dennison of Farmington in the County of Franklin, State of Maine, on the fifth day of July in the year of our

Lord one thousand nine hundred and twenty-nine, in behalf of the State, on oath complains: that Frank Skerry of East Livermore, in said County, laborer, on the third day of July in the year of our Lord one thousand nine hundred and twenty-nine at said Livermore, in said County, with force and arms and unlawfully did drive and operate a motor vehicle, &c —"

The respondent contends that the statement of venue consists in the words "in said County," and two counties having been before named the complaint is uncertain and defective. He argues further that "in said County" is a relative term. He invokes the rhetorical rule that for the antecedent of the term we must look back to the next preceding name of a county which is Franklin County, over offenses committed in which the Livermore Falls Municipal Court has no jurisdiction.

The answer to the respondent's contention is that by the complaint the venue is laid in the words *"at said Livermore* in said County." Livermore is mentioned but once before. Applying the rule invoked by the respondent, we look for the antecedent of "said Livermore" and find it in the second line of the complaint, wherein Livermore is described as in Androscoggin County.

There is no uncertainty in the statement of venue.

*Exceptions overruled.*
*Judgment for the State.*